[No. 14766. Department Two. August 7, 1918.]

SEID CHEE, *Respondent,* v. SANITARY FISH COMPANY, *Appellant.*[1]

CONTRACTS—PERFORMANCE—ACTIONS — EVIDENCE — ADMISSIBILITY. In an action on a contract to furnish Chinese and Japanese laborers, at specified sums per month, in which the intent of the parties that the contractor pay the laborers was shown by the accounts rendered, it is proper to allow the plaintiff to testify that he had paid the various sums to the laborers.

EVIDENCE—BEST AND SECONDARY EVIDENCE—ISSUANCE OF CORPORATE STOCK. In an action on contract, oral evidence that laborers had been paid by the issuance of corporate stock, is properly excluded on the ground that the books of the company are the best evidence.

CONTRACTS—ACTIONS—DEFENSES—ILLEGALITY OF PAYMENTS—WHO MAY ASSERT. In an action on contract to furnish and pay laborers for fish canning, the fact that some of the laborers illegally received part of their pay from plaintiff in intoxicating liquors cannot be asserted as a defense; since only the laborers might raise that question.

Appeal from a judgment of the superior court for Skagit county, Brawley, J., entered January 22, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract, after a trial on the merits. Affirmed.

*Geo. H. Rummens,* for appellant.

*Norvell & Norvell* and *Thomas Smith,* for respondent.

HOLCOMB, J.—On February 22, 1915, appellant and respondent entered into a written contract, as follows:

"This agreement entered into this day between Seid Chee, of Portland, Oregon, and the Sanitary Fish Company of Anacortes, Washington, recites: That, for and in consideration of one dollar in hand each to the other paid, the above named parties do contract:

[1]Reported in 174 Pac. 443.

"That the said Seid Chee will act as agent for the Sanitary Fish Company in the hiring of all of the Chinese and Japanese labor for the season of 1915, at the cannery of the said Sanitary Fish Company at Anacortes, and that the said Seid Chee will furnish the board of the said laborers and that the said Seid Chee will in all ways act for and in the interest of the said Sanitary Fish Company as heretofore during the season of 1914.

"In the consideration of the fulfillment of the above named duties, the said Sanitary Fish Company does agree to pay the said Seid Chee the sum of nine ($9) dollars per month for the board of each laborer so employed and further to pay the freight charges on the provisions for such purpose from Portland or Seattle as the case may be. And to provide the necessary wood and water for the China House.

"The said Sanitary Fish Company agrees to pay the transportation for the said laborers from Portland or Seattle, as the case may be, and return.

"The season shall consist of all the time necessary to the canning of the fish and preparing the pack for the market, not to continue, however, later than the 31st day of December, 1916.

"The said Sanitary Fish Company further agrees to pay the said Seid Chee the sum of one and one-half cents per case for each case of salmon packed during the said canning season. The number of cases to be determined by actual case count of the finished pack, and not by the bath room tally.

"The said Seid Chee is to furnish the following laborers for the said Sanitary Fish Company:

*Chinese Labor.*

July   1, 1915, 1 foreman, five months at $100 per month.
July   1, 1915, 1 cook, season, at $270.
July 10, 1915, 4 butchers, five months.
July 10, 1915, 4 laborers, five months.

*Japanese Labor.*

July 15, 1915, 1 foreman, five months, at $50 per month.
July 15, 1915, 5 laborers, five months, at $42 per month.
July 15, 1915, 4 laborers, two months, at $50 per month.
July 15, 1915, 5 laborers, four months, at $40 per month.

"The said Sanitary Fish Company further agrees to advance to the said Seid Chee the following advance money:

March 1, 1915, the sum of $500.

May 1, 1915, the sum of $500.

July 1, 1915, the sum of $1,000.

"The said advance money to be used by the said Seid Chee for advances to laborer, provisions and so forth and to be accounted for to the said Sanitary Fish Company by the said Seid Chee.

"Executed in duplicate this 22nd day of February, 1915.

                    "Signed:  Sanitary Fish Company,
"Signed:   Seid Chee.        By:   John D. Carroll,
"Witness:  Chas. Show,              Pres. and Manager.
              "L. B. Carroll."

Respondent employed the laborers who worked for appellant in putting up its salmon pack for 1915. It is agreed that $994.50 for board for the men, and $468 for commission at 1½ cents per case for each case of salmon packed, was due respondent. It was also stipulated at the trial that, at the close of the canning season, there was due and unpaid from the appellant to or on account of the various Chinese laborers employed by the respondent under the contract, the sum of $1,136.33, that respondent paid $8.10 transportation charges, and that $33.30 is due for extra board. Respondent introduced evidence to show that, at the close of the season, there was due him $427 on account of Japanese laborers employed under the contract, against which appellant attempted to prove an offset of $400 for corporation stock. Respondent alleged that, by virtue of the contract, the appellant became and was indebted to him in the sum of $6,148.06, of which amount appellant paid $2,912.83, leaving a balance of $3,277.23 due. Appellant admitted the contract, but denied that respondent had performed his part of it, or that appellant became indebted to him in the sum of

$6,148.06 or at all.   The jury returned a verdict of $3,277.23 in favor of respondent.

Appellant contends that the court erred in permitting the respondent to offer testimony that, at the close of the cannery season, he paid the various Chinamen and Japanese the balance due from the company for wages earned.

On reading the contract as a whole, and from a little account book given by appellant to respondent, it is plain that the parties intended that respondent should hire and pay the laborers.   The account book, given to and made for respondent, reads as follows:

Sanitary Fish Co.    Acc't Seid Chee.<br>Oriental Wages.

| | |
|---|---:|
| Japanese labor | $1940.68 |
| Chinese labor | 1346.33 |
| Total wages | $3287.01 |
| Total board for season | 994.50 |
| Commission | 468.00 |
| | $4749.51 |
| 12-19-1915 | 1513.68 |
| Balance due | 3235.83 |
| Extra board | 33.30 |
| Fares paid by Seid Chee | 8.10 |
| | $3277.23 |

Thus, if respondent was to pay the laborers, it cannot be error to permit the respondent's testimony that he had paid the various sums due the laborers.

Appellant attempted to show by oral evidence that it had paid the Japanese labor by the issuance of $400 of its corporate stock.   This was objected to by respondent and the objection correctly sustained by the court upon the ground that the books of the company were the best evidence.   The assignments of error relating to instructions to the jury have been examined and are not considered meritorious.

Appellant's fifth assignment of error is that the court erred in refusing to withdraw from the consideration of the jury an item of $67.40 for intoxicating liquors supplied by respondent to some of the laborers, as illegal merchandise. It matters not how the respondent satisfied the Japanese laborers, as far as appellant is concerned, whether in money or intoxicating liquors. The Japanese who received the liquor and became indebted to respondent therefor might raise this question, but certainly appellant could not.

There being no reversible error, the judgment is affirmed.

MAIN, C. J., CHADWICK, MOUNT, and MACKINTOSH, JJ., concur.